## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| JOHN JONES,<br>       Plaintiff<br><br>vs<br><br>CITY OF FRANKLIN, TENNESSEE,<br>WILLIAMSON MEDICAL CENTER, JOHN<br>DOES 1-6, JANE DOES 1-2, JACK DOE, M.D.,<br>       Defendants | Case No.<br><br>Hon.<br><br>     **JURY DEMAND** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action is brought by Plaintiff pursuant to 42 U.S.C. 1983 and the common and statutory laws of the State of Tennessee to redress the violation by Defendants of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction under 28 U.S.C. § 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States and under 28 U.S.C. § 1343 to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

2. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. § 1367 as there is a common nucleus of operative facts between the state and federal law claims.

3. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

### PARTIES

4. Plaintiff is a resident of Columbia, Maury County, Tennessee.

5. Defendant City of Franklin is a municipal corporation of the State of Tennessee and

1

operates a police department.

6.      Defendant Williamson Medical Center, located at 4321 Carothers Parkway, Franklin, Tennessee, operates an emergency room and provides medical treatment to patients presented to its facilities.

7.      John Does 1-6 are police officers of the City of Franklin Police Department and are employed by the City of Franklin and who were, at all times, acting under color of law.

8.      Jane Does 1-2 are nurses employed either by Williamson Medical Center or by an entity contracted through Williamson Medical Center and who were, at all times, acting under the direction of John Does 1-6.

9.      Jack Doe, M.D. is a medical doctor employed either by Williamson Medical Center or by an entity contracted through Williamson Medical Center and who was, at all times, acting under the direction of John Does 1-6.

## GENERAL ALLEGATIONS

10.     On or about August 21, 2013, Plaintiff John Jones was confronted by officers of the Franklin Police Department, believed to be one or more of the individually named John Does, in the parking lot of the Marriot Courtyard Hotel in the Cool Springs area.

11.     Almost immediately, police officers started asking him what drugs he was on, insisting that they needed to know what drugs he was on in order to treat him. Plaintiff strongly denied being on any drugs and clearly refuted any notion that he was in need of medical treatment.

12.     Despite Plaintiff's insistence that he was not on any drugs and was not in need of medical treatment, the police called an ambulance. The police told the plaintiff that they had "discretion" to take him to the hospital if they felt he was incapable of making the decision for himself. They told the plaintiff that he did not have any choice other than to go in the ambulance to the hospital.

13.     In the ambulance, Plaintiff told the EMT present that he did not need any medical treatment. At the Williamson Medical Center, where he was taken, he also told all the medical personnel that he was not in need of any medical treatment.

14.     The police entered his emergency room bay where he was located and told the plaintiff

2

that they needed blood and urine. This demand was not for the purpose of medical diagnosis and treatment as it was clearly a law enforcement demand. Thus, it was for the purpose of gathering evidence for some unknown crime.

15. Plaintiff asked for an attorney. When the police officers left his room, he called an attorney named Charles Molder and explained what was happening. In the middle of the conversation, however, the police returned and ordered him to end the telephone call.

16. A plain clothes officer, who may have been a detective and seemed to be in charge, told the plaintiff that he did not have a legal choice to refuse to provide a blood and urine sample.

17. Plaintiff made it very clear that he did not consent to giving these samples but would comply if not given any legal choice. He also said this to the doctor, Defendant Jack Doe, M.D.

18. Plaintiff was then instructed to urinate in a cup in front of two nurses and six police officers. Plaintiff had difficulty urinating so the plain clothes officer told him he had five minutes to urinate or they will use a catheter.

19. Although the plaintiff said he was trying to urinate, the plain clothes officer said "time is up" and ordered the plaintiff to lay down on the bed and that if he did not willingly lay down they would put him down. The plaintiff begged for more time so that he could urinate voluntarily but the plain clothes officer refused.

20. Six police officers then held him down by the ankles, knees, wrists and shoulders so that he could not move. One male nurse refused to insert a catheter into the plaintiff and walked away. Two female nurses, the two Jane Does named herein, then inserted lifted Plaintiff's hospital gown and forcefully inserted a catheter into Plaintiff's penis while Plaintiff screamed and yelled and begged them to stop.

21. When they were finished getting a urine sample via the catheter, they let Plaintiff's wife and young son into the room while the plaintiff's genitals were still exposed and the plaintiff had not had enough time to compose himself.

22. He was eventually released by hospital personnel and as he was leaving the hospital, was arrested and handcuffed and taken to jail on a charge of theft of property under $500,

3

a misdemeanor.

23. No evidence of any drugs in Plaintiff's system was ever found.

## COUNT I

### (1983 - City of Franklin)

24. Defendant City of Franklin developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons who came in contact with City of Franklin police officers, all of which caused the violation of the Plaintiff's rights.

25. It was the policy and custom to inadequately and improperly investigate incidents of misconduct by subordinate members of the City of Franklin Police Department, and acts of misconduct were instead tolerated, including but not limited to, previous incidents of detention and/or arrest without probably cause and body cavity searches without consent or without a search warrant.

26. It was the policy and custom of City of Franklin Police Department, to inadequately supervise and train its subordinates, including the individually named defendants/employees of City of Franklin, thereby failing to adequately discourage further constitutional violations on the part of its officers.

27. It was and is the policy, practice and custom of City of Franklin, through its principal policy makers and decision makers within the police department, to inadequately and improperly investigate practices of detention and/or arrest without probably cause and body cavity searches, including forced catheterization, and acts of misconduct were instead tolerated by Defendant.

28. Defendant City of Franklin knew or should have known of such acts of misconduct by its officers.

29. As a result of the above described policies, practices and customs, the individually named defendants believed their actions would not subject them to possible punishment by their employer, City of Franklin, and that misconduct would not be investigated or sanctioned, but would instead be tolerated.

30. The above described policies, practices and customs demonstrated a deliberate indifference on the part of policymakers of City of Franklin to the constitutional rights of

4

persons under the care, custody and control of their police officers, specifically their rights under the 4th and 14th Amendments to the U.S. Constitution against unreasonable seizure and due process of law, and were the cause of the violations of the Plaintiff's rights alleged in this complaint.

31.   The official authorization and pervasive pattern of the above challenged conduct, evidenced in part by the lack of disciplinary action against the individually named defendants and for previous and on-going incidents involving improper body cavity searches, show a likelihood of recurrence that is objectively unreasonable.

32.   As a direct and proximate cause of Defendants' acts and omissions as alleged, Plaintiff has suffered emotional distress, and incurred other damages in an amount to be proven at trial.

**COUNT II**

(1983 - Williamson Medical Center)

33.   Defendant Williamson Medical Center ("WMC") developed and maintained policies, practices or customs exhibiting deliberate indifference to the constitutional rights of persons detained by law enforcement and of persons coming in contact with its medical staff, all of which caused the violation of the Plaintiff's rights.

34.   It was the policy, practice and custom to inadequately and improperly investigate incidents of misconduct by subordinate members of the staff and acts of misconduct were instead tolerated.

35.   It was the policy, practice and custom of WMC to inadequately supervise and train its medical staff, including the individually named defendants/employees, thereby failing to adequately discourage further constitutional violations on the part of its staff.

36.   Defendant knew or should have known of such acts of misconduct by its personnel.

37.   As a result of the above described policies, practices and customs, the individually named medical personnel defendants believed their actions would not subject them to possible punishment by their employer, WMC, and that misconduct would not be investigated or sanctioned, but would instead be tolerated.

38.   The above described policies, practices and customs demonstrated a deliberate

5

indifference on the part of policymakers of WMC to the constitutional rights of persons under the care, custody and control of law enforcement officers, specifically their rights under the 4th and 14th Amendments to the U.S. Constitution and were the cause of the violations of the Plaintiff's rights alleged in this complaint.

39. The official authorization and pervasive pattern of the above challenged conduct, evidenced in part by the lack of disciplinary action against the individually named medical personnel defendants, show a likelihood of recurrence that is objectively unreasonable.

40. As a direct and proximate cause of Defendants' acts and omissions as alleged, Plaintiff has suffered emotional distress, and incurred other damages in an amount to be proven at trial.

## COUNT III

### (1983 - John Does 1-6)

41. Defendants John Does 1-6, under color of law, violated the Plaintiff's constitutional rights as guaranteed by the 4th and 14th Amendments to the U.S. Constitution by detaining the plaintiff without probable cause and having him transported to the hospital for a forced genital body cavity search and by deliberately and intentionally performing, directing, participating in or causing a body cavity search of the plaintiff without probably cause, consent of the plaintiff, or by a validly issued search warrant.

42. As a direct and proximate cause of Defendants' acts and omissions as alleged, Plaintiff has suffered emotional distress, and incurred other damages in an amount to be proven at trial.

43. The actions of Defendants violated clearly established and well settled federal constitutional rights of detainees as guaranteed by the 4th and 14th Amendments to the U.S. Constitution.

## COUNT IV

### (1983 - Jane Does 1-2)

44. Defendant nurses, under color of law, violated the Plaintiff's constitutional rights as guaranteed by the 4th and 14th Amendments to the U.S. Constitution by deliberately and

intentionally performing a forced genital body cavity search at the direction of law enforcement.

45.     As a direct and proximate cause of Defendants' acts and omissions as alleged, Plaintiff has suffered emotional distress, and incurred other damages in an amount to be proven at trial.

46.     The actions of Defendants violated clearly established and well settled federal constitutional rights of detainees as guaranteed by the 4th and 14th Amendments to the U.S. Constitution.

## COUNT V

### (1983 - Jack Doe, M.D.)

47.     Defendant doctor, under color of law, violated the Plaintiff's constitutional rights as guaranteed by the 4th and 14th Amendments to the U.S. Constitution by deliberately and intentionally ordering a forced genital body cavity search at the direction of law enforcement.

48.     As a direct and proximate cause of Defendant's acts and omissions as alleged, Plaintiff has suffered emotional distress, and incurred other damages in an amount to be proven at trial.

49.     The actions of Defendant violated clearly established and well settled federal constitutional rights of detainees as guaranteed by the 4th and 14th Amendments to the U.S. Constitution.

## COUNT VI

### (Battery - All defendants)

50.     By virtue of the facts alleged herein, all defendants committed a battery upon the Plaintiff, such that the conduct alleged constitutes a felony under Tennessee state law.

51.     As a direct and proximate cause of Defendants' acts and omissions as alleged, Plaintiff has suffered emotional distress, and incurred other damages in an amount to be proven at trial.

## COUNT VII

7

(T.C.A. 40-7-121, John Does 1-6)

52. Defendants John Does 1-6 performed, or directed, supervised, aided or participated in or caused to be performed a genital body cavity search without a warrant issued in accordance with Rule 41 of the Tennessee Rules of Criminal Procedure or without written consent to perform the search signed by the plaintiff.

53. Accordingly, Defendants John Does 1-6 are liable under T.C.A. 40-7-121.

54. As a direct and proximate cause of Defendants' acts and omissions as alleged, Plaintiff has suffered emotional distress, and incurred other damages in an amount to be proven at trial.

## COUNT VIII

### (T.C.A. 40-7-121, City of Franklin)

55. Defendant City of Franklin employed Defendants John Does 1-6 who performed, or directed, supervised, aided or participated in or caused to be performed a genital body cavity search without a warrant issued in accordance with Rule 41 of the Tennessee Rules of Criminal Procedure or without written consent to perform the search signed by the plaintiff.

56. Accordingly, Defendant City of Franklin is liable under T.C.A. 40-7-121.

57. As a direct and proximate cause of Defendants' acts and omissions as alleged, Plaintiff has suffered emotional distress, and incurred other damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff requests that the Court award the following:

1. Judgment against Defendant City of Franklin for compensatory damages in an amount to be determined at trial;

2. Judgment against all other defendants individually, and jointly and severally, for compensatory and punitive damages for violation of the Plaintiff's Constitutional rights and violation of state law in an amount to be determined at trial;

3. Injunctive relief in the form of an order compelling the City of Franklin police department to undergo training on body cavity searches, the Fourth and Fourteenth Amendments and

the use of medical personnel to conduct such searches.

4.    Injunctive relief in the form of an order compelling Williamson Medical Center and its employees and agents, including all medical personnel, and those contracted with it to perform medical care, to undergo training on body cavity searches, the Fourth and Fourteenth Amendments and the appropriate conduct by police officers in demanding such searches.

5.    Trial by jury on all issues;

6.    Reasonable attorney's fees pursuant to 42 U.S.C. 1988;

7.    Cost of suit and such other and further relief as the court deems just and proper.

Respectfully submitted,

 /s/ Jerry Gonzalez
Jerry Gonzalez (18379)
Attorney for Plaintiff
2441-Q Old Fort Parkway
No. 381
Murfreesboro TN 37128
615-360-6060
jgonzalez@jglaw.net

9